# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THELMA S. MADRIGAL,

        Plaintiff,

v.

RECONTRUST COMPANY, N.A., et al.,

        Defendants.

2:12-CV-367 JCM (RJJ)

## ORDER

Presently before the court is defendant ReconTrust Co., N.A.'s motion to dismiss. (Doc. #4). Plaintiff Thelma Madrigal has filed an opposition (doc. #8), to which defendant has responded (doc. #10). Also before the court is plaintiff's motion to remand. (Doc.#7). Defendant filed a response (doc. #11), to which plaintiff replied (doc. #12).

## Factual Background

The property at issue is located at 5371 Calgary Court, Las Vegas, NV 89118. (Doc. #1, Ex. 1). On or about August 2, 2004, Madrigal and her husband signed a promissory note in favor of Greystone Financial Group ("CCSF"), in the principal amount of $550,000.00 (the "loan"). (Doc. #1, Ex. 1). Plaintiff also executed a deed of trust along with the loan, and both were recorded on September 2, 2004, in the Clark County recorder's office. (Doc. #4, Ex. A). In the deed of trust, Mortgage Electronic Registration System, Inc. ("MERS") is named as a nominee. (Doc. #4, Ex. A).

**James C. Mahan**
**U.S. District Judge**

1    On or about August 17, 2009, MERS recorded an assignment of deed of trust, assigning the
2 subject of the note of the deed of trust to the Bank of New York fka the Bank of New York as trustee
3 for the certificateholders Cwalt, Inc. ("Mellon"). (Doc. #4, Ex. B).

4    On May 1, 2009, plaintiff defaulted on the loan. (Doc. #1, Ex. A). On or about September
5 10, 2009, Mellon recorded a substitution of trustee to ReconTrust. (Doc. #4, Ex. C). On or about
6 September 14, 2009, ReconTrust recorded a notice of default and election to sell the property. (Doc.
7 #4, Ex. E).

8    On or about January 3, 2012, the foreclosure mediation program issued a certificate allowing
9 the foreclosure to proceed. (Doc. #4, Ex. F). On or about January 23, 2012, ReconTrust recorded a
10 notice of trustee's sale, indicating a sale date of February 14, 2012, at 10:00 am. (Doc. #4, Ex. G).
11 On or about February 8, 2012, plaintiff filed her complaint. (Doc. #1, Ex. A). On or about February
12 10, 2012, plaintiff filed a lis pendens on the property. (Doc. #4, Ex. H).

13    Plaintiff's complaint alleges the following: (1) defendant engaged in deceptive business
14 practices and violated NRS § 598; and (2) defendant violated NRS chapter 107. (Doc. #1, Ex. A).
15 Plaintiff alleges that MERS's status as a nominee does not give it the ability to assign the note and
16 the deed of trust. (Doc. #1, Ex. 1). Plaintiff contends that the assignment of the note has to meet the
17 requirements of the pooling and servicing agreement. (Doc. #1, Ex. 1). Plaintiff seeks declaratory
18 relief, injunctive relief, and attorney's fees. (Doc. #1, Ex. A).

19                                            **Discussion**

20 1. Motion to Remand

21    Plaintiff first argues that the court should realign the parties such that ReconTrust is the
22 plaintiff for purposes of removal. Pursuant to 28 U.S.C. § 1441(a), only defendants have the right
23 to remove a case from state court to federal court. Thus, if the court realigns the parties, as the
24 plaintiff ReconTrust would not have the right to remove the case.

25    In support of her assertion that the court should realign the parties, plaintiff cites several
26 cases, including two United States Supreme Court cases: *Chicago, R.I & P.R. Co. v. Stude*, 346 U.S.
27 574 (1954) and *Mason City & Ft. D.R. Co. v. Boynton*, 204 U.S. 570 (1907). The court realigned
28

the parties in those cases because the relevant state law classified the parties in a manner contrary to federal law; the court held that federal law determines the identities of the plaintiff and defendant for removal purposes. *See Stude*, 346 U.S. at 580.

The cases are inapposite. Here, plaintiff instituted the case in state court. The complaint asks the court to enjoin any foreclosure and award damages. Thus, plaintiff has acted as a plaintiff throughout the course of this case. It would be inappropriate to realign the parties, and the court declines to do so.

Second, plaintiff argues that the $75,000 amount in controversy requirement has not been met. Specifically, plaintiff notes that the complaint only seeks recovery in excess of $10,000. Further, plaintiff argues that the injunctive relief claims do "not amount to a monetary award."

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 841 (9th Cir. 2002). In this case, the loan at issue is for $550,000. Therefore, the amount in controversy requirement is met. Accordingly, the court declines to remand this case to state court.

2. Motion to Dismiss

    *(a)*    *Legal Standard*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal citation omitted).

James C. Mahan
U.S. District Judge

- 3 -

1  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when 2  considering motions to dismiss. First, the court must accept as true all well-pled factual allegations 3  in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. 4  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not 5  suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint 6  allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's 7  complaint alleges facts that allows the court to draw a reasonable inference that the defendant is 8  liable for the alleged misconduct. *Id*. at 1949. Where the complaint does not permit the court to 9  infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that 10  the pleader is entitled to relief." *Id*. (internal quotations omitted). When the claims in a complaint 11  have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. 12  *Twombly*, 550 U.S. at 570.

*(b)    Analysis*

i.    Deceptive Business Practices and Violation of §§ 598 *et. seq.*

Plaintiff claims that defendant's deceptive conduct beached the obligations under NRS §§ 598, *et. seq.*, including, but not limited to: NRS § 598.0915(5), NRS § 598.0915(15), and NRS § 598.092(8).

Nevada Revised Statutes § 598.0915 and § 598.092 deal with goods and services, not real estate. *See* NRS § 598.0915(1)-(15) (2011) (describing deceptive trade practices dealing with goods or services); *see also* NRS § 598.092(8) (2011) (describing deceptive trade practices dealing with goods or services); *Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, at *9 (D. Nev. July 11, 2011) (finding that NRS § 598 only applies to goods and services and not real estate transactions); *Alexander v. Aurora Loan Service*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, at *2 (D. Nev. July 8, 2012) (finding that NRS § 598 does not provide relief for claims that deal with real estate transactions because NRS § 598 is for the sale of goods and services); *Parker v. Greenpoint Mortgage Funding,* No. 3:11-cv-00039-ECR-RAM, 2011 WL 2923949, at *6 (D. Nev. July 15, 2011) (finding that NRS 598 does not cover a mortgage foreclosure

**James C. Mahan**
**U.S. District Judge**

because this activity is not considered as conducting business in the state). Therefore, these statutes do not apply to the present case.

In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). To meet this standard, plaintiff must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Plaintiff's complaint must put the defendant on notice of the particular misconduct that defendant is alleged to have committed so that defendant can properly defend against all allegations. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104-05 (9th Cir. 2003).

Plaintiff's complaint states that defendant engaged in deceptive business practices by preparing and executing false documents. However, the complaint fails to plead with particularity. (Doc. #1, Ex. A). The complaint does not indicate who engaged in which deceptive business practices. The complaint does not state a time, place, or manner in which the false documents were produced. Plaintiff alleges that defendant engaged in these practices, but does not plead this claim with particularity. (Doc. #1, Ex. A).

Accordingly court dismisses plaintiff's deceptive business practices and violation of NRS §§ 598 claims.

          ii.        Violation of NRS Chapter 107

The lender is allowed to make MERS a nominee in order to secure the note. *Roberts v. McCarthy*, 2011 WL 1363811, at *4 (D. Nev. Apr. 11, 2011). Under NRS § 107.080, acting as the nominee, MERS is able to substitute a trustee. *Id.*

Plaintiff argues that defendant failed to comply with the requirements of NRS § 107. Under NRS 107.028(4), "A beneficiary of recording may replace its trustee with another trustee. The appointment of a new trustee is not effective until the substitution of trustee is recorded in the office of the recorder of the county in which the real property is located." NRS 107.028(4).

MERS was the original beneficiary under the deed of trust. (Doc. #4, Ex. A). MERS recorded the substitution of trustee on or about September 10, 2009, making ReconTrust the new trustee.

James C. Mahan
U.S. District Judge

1  (Doc. #4, Ex. C). This document was properly recorded with the county recorder's office. (Doc. #4,
2  Ex. C). Pursuant to NRS § 107.028(4), the status of trustee becomes effective once the substitution
3  agreement is recorded, which occurred on September 10, 2009. (Doc. #4, Ex. C).

4  Furthermore, under NRS § 107.080(1), "Except as otherwise provided in NRS 106.210,
5  107.085 and 107.086, if any transfer in trust of any estate in real property is made after March 29,
6  1927, to secure the performance of an obligation or the payment of any debt, a power of sale is
7  hereby conferred upon the trustee to be exercised after a breach of the obligation for which the
8  transfer is security." NRS § 107.080.

9  The note indicates that the note is a security instrument. (Doc. #8). On or about May 1, 2009,
10 plaintiff defaulted on her loan. (Doc. #8). ReconTrust was created as the substitute trustee and
11 therefore had authority to secure performance of the obligation or the payment of any debt through
12 the power of sale. (Doc. #4, Ex. C). NRS § 107.028. Plaintiff does not deny that she is in default.
13 (Doc. #1, Ex. 1). As the trustee, ReconTrust was authorized to institute foreclosure proceedings.
14 (Doc. #8).

15 Defendant has the authority to collect a debt as a trustee. Therefore, plaintiff's chapter 107
16 claims are dismissed.

17       iii.    Expunge Lis Pendens
18
19 Pursuant to NRS 14.015(3), the party who recorded the notice "must establish to the
20 satisfaction of the court . . . [t]hat the party . . . is likely to prevail in the action."

21 Here, plaintiff has not demonstrated that she is likely to prevail in the action. The court has
22 dismissed all claims in the complaint for failure to state a claim upon which relief can be granted.
23 Accordingly, plaintiff has not established a likelihood of success. NRS 14.015(3).

24       iv.    Declaratory relief, injunctive relief and attorney's fees

25 A claim for declaratory relief is a remedy, not a cause of action. *See Stock West, Inc v.*
26 *Confederated tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th. Cir. 1989). The
27 declaratory relief remedy derives from the substantive claims for relief. *Roberts v. McCarthy*, 2011
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

WL 1363811, at *4 (D. Nev. Apr. 11, 2011). Similarly, injunctive relief is a remedy, not an independent cause of action. *Alandia v. US Bank*, 2009 WL 4611442, at *3 (d. Nev. 2009). If the substantive claim fail, then the claims for declaratory and injunctive relief also fail.

As discussed in this order, plaintiff's substantive claims fail to state a claim upon which relief can be granted. Therefore, plaintiff's claims for declaratory and injunctive relief and attorney's fees also fail.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand (doc. #7) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (doc. #4) be, and the same hereby is, GRANTED.

DATED June 6, 2012.

*[signature: James C. Mahan]*
**UNITED STATES DISTRICT JUDGE**